Michael J. **SCHMELZER**, by and through Pal Schmelzer and Barbara Schmelzer, guardians of his person and property; Chelsea Von Harder, by and through her mother and natural guardian, Jan Reddy; and K.G. by and through her parents and natural guardians, M.G. and S.G.; individually and on behalf of themselves and all persons similarly situated to them; and Long Island Advocacy Center, Inc, Plaintiffs,

v.

State of **NEW YORK**; New York State Education Department; Richard P. Mills, as Commissioner of Education of the State of New York; and Related Individual Actions by Schmelzer against Half Hollow Hills Central

School District; by Reddy and Von Harder against New York City Board of Education (School District No. 2); and by K.G., M.G. and S.G. against Smithtown Central School District, Defendants.

No. 01–CV–1864JSARL.

United States District Court, E.D. New York.

Oct. 1, 2003.

Lewis M. Wasserman, Wasserman Steen, LLP, Patchogue, NY, for Plaintiffs.

Ralph Pernick, Assistant Attorney General, Eliot Spitzer, Attorney General, Mineola, NY, for the State Defendants, consisting of the State of New York, the New York State Education Department and Richard P. Mills, as Commissioner of Education of the State of New York (the "State Defendants").

## MEMORANDUM AND ORDER

SEYBERT, District Judge.

Familiarity with the facts of the present case and the substantive and procedural law of the IDEA is presumed. Presently pending before this Court is a motion for summary judgment, brought by Order to Show Cause, to have this Court issue permanent injunctive and declaratory relief. Plaintiff seeks to have this Court sign a proposed order granting summary judg-

ment in their favor, (a) certifying a rotating class ("Class Plaintiffs" or "Plaintiffs"), (b) finding that Defendants are not in compliance with 34 C.F.R. § 300.511(b)[1], (c) enjoining Defendants from noncompliance with the 30 day requirement, (d) issuing a 60 month period of monitoring, appointing Wasserman Steen, LLP, or its designee, as the monitor, (e) requiring a report of the implementation of the order prepared by the Defendants on the fifth of each month and submitted to Wasserman Steen, LLP, including (1) the name and title of each person employed by the State Education Department ("SED") at the Office of State Review ("OSR") for the month preceding such report and a statement of the functions performed by that person; (2) a schedule of State Review Officer ("SRO") decisions issued, and for each decision, stating the date the request for review/appeal was filed, appeal number and date of decision; (3) a chronological schedule, by date and appeal number, of requests for review/appeals filed with SED's Office of Counsel for the preceding month; provided, however, that for the initial report, the required information shall cover the period from November 1, 2002, through the date of this order, (f) requiring Wasserman Steen, LLP to prepare a quarterly report on the Defendants' compliance with this order, together with recommendations to this Court for procedures to obtain compliance, (g) allowing Wasserman Steen, LLP to move on behalf of the class for enforcement of the judgment, (h) finding that this Court shall retain jurisdiction for an initial period of 60 months, which can be enlarged upon motion by the Class Plaintiffs, (i) finding that the Class Plaintiffs are prevailing parties within the meaning of the IDEA, 42 U.S.C. §§ 1983 and 1988 and

---

1. The [State Education Agency] SEA shall ensure that not later than 30 days after the receipt of a request for a review—(1) A final decision is reached in the review; and (2) A copy of the decision is mailed to each of the parties. 34 C.F.R. § 300.511(b).

29 U.S.C. § 794, and that Class Plaintiffs and Wasserman & Steen, LLP may apply to this Court for fees, costs and disbursements in maintaining this action, and (j) and finding that pursuant to Fed.R.Civ.P. 23(d)(4), (5) any individual claims which may remain in this action be dismissed without prejudice.

Plaintiffs argue that the Defendants must be mandated to timely decide requests for review/appeals to the SRO. Plaintiffs assert that although the Eleventh Amendment generally bars suits against the states, suits seeking injunctive relief are available, regardless of the effect on the state treasury. Pls. Memorandum of Law, ("Pls.Memo.") pg. 6 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir.2000); *A.A. v. Bd. of Educ., Central Islip Union Free Sch. Dist.*, 196 F.Supp.2d 259, 266 (E.D.N.Y. 2002)).

■ The standard for a permanent injunction is the same as that for a temporary injunction, except that Plaintiffs must succeed on the merits. *Henrietta D. v. Giuliani*, 119 F.Supp.2d 181, 204 (E.D.N.Y.2000). Plaintiffs cite numerous cases wherein various courts have entered injunctions against state entities for violation of federal and state laws. Pls. Memo. pg. 7 (citing *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (affirming injunction by Ninth Circuit to require California to provide services where a school district failed to do so); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 612 F.2d 644 (2d Cir.1979) (injunction against state entity pursuant to Section 504); *Corey H. v. Bd. of Educ., Chicago*, 995 F.Supp. 900 (N.D.Ill.1998) (permanently enjoining IDEA violations and directing corrective actions); *Cordero v. Pa. Dept. of Educ.*, 795 F.Supp. 1352,

1362, 1364 (M.D.Pa.1992) (enjoining state to ensure special education placements)).

Defendants, on the other hand, argue that Plaintiffs are not entitled to summary judgment because they have not met their burden. Defendants argue that Mr. Wasserman's affidavit is inadmissible because it is not based upon facts. However, this Court finds that the Defendants presently are not in compliance with the regulations and guidelines set forth by the IDEA. Accordingly, notwithstanding Mr. Wasserman's Affidavit, there is sufficient evidence to support Plaintiffs' motion.

Defendants argue that New York State has not waived its Eleventh Amendment right to sovereign immunity with respect to the IDEA. Further, Defendants argue that Plaintiffs have no viable claim pursuant to Section 504 because Plaintiffs have not, and cannot, prove that they have been discriminated against because of their disability, and because Section 504 does not validly abrogate the State's Eleventh Amendment immunity. As for Plaintiffs' Section 1983 claim, the Defendants argue that the State's Eleventh Amendment immunity has not been properly abrogated.

**Applicable Law**

The initial inquiry must be whether New York State's Eleventh Amendment immunity protects the Defendants from this suit. This Court previously addressed this issue in its Memorandum and Order, dated September 9, 2002. The initial holding was that "Plaintiffs' claims against the State Defendants brought pursuant to Section 504 are barred by the Eleventh Amendment and are therefore dismissed, however to the extent that Plaintiffs seek prospective injunctive or declaratory relief against Mills in his official capacity pursuant to Section 504 they may proceed." *Id.* Further, with respect to Section 1983, this Court held that "to the extent that Plaintiffs have sued pursuant to Section 1983

seeking compensatory or punitive damages from any of the State Defendants, including Mills, those claims are hereby dismissed. However, Plaintiffs' claims seeking declaratory or injunctive relief from Mills pursuant to Section 1983 are not barred by the Eleventh Amendment." *Id.*

Defendants now argue that recent Supreme Court and Court of Appeals cases have held that Section 1983 is not permitted to be used as a vehicle for enforcing the IDEA. Further, Defendants assert that Section 504 remedies not explicitly set forth in the statute cannot be enforced. Defendants argue that the Second Circuit in *Garcia v. S.U.N.Y. Health Sciences Center,* 280 F.3d 98 (2d Cir.2001) held that sovereign immunity is not waived under the IDEA because the State's receipt of Federal funds was insufficient to cause such waiver because the waiver was not knowing and voluntary. Defendants further argue that Section 1983 does not abrogate their immunity pursuant to the Eleventh Amendment. Defs. Memorandum of Law, pg. 15 (citing *Gonzaga University v. Doe,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *Barnes v. Gorman,* 536 U.S. 181, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002)).

**Eleventh Amendment Immunity**

*Section 1983, the IDEA and the Rehabilitation Act*

■ Section 1983 confers a remedy for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws." *See Gonzaga Univ.,* 536 U.S. at 283, 122 S.Ct. 2268 (quoting Section 1983). The *Gonzaga* Court held that to make an initial determination as to whether Section 1983 can be used as a private right of action to enforce a particular statute, it first must be determined whether Congress intended to create a federal right. *See id.* at 284, 122 S.Ct. 2268. The Court further noted that "[p]laintiffs suing under § 1983 do not have the burden of showing an intent to create a private remedy because § 1983 generally supplies a remedy for the vindication of rights secured by federal statutes." *Id.* If a statute provides for a federal right, such right is presumptively enforceable using Section 1983. *See id.* at 285, 122 S.Ct. 2268. The Court finally held that "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit." *Id.* at 286, 122 S.Ct. 2268.

The Court applied its analysis to the statute's nondisclosure requirements and found that the statute failed to confer a federal right with respect to the prohibition of disclosure. *See id.* at 287, 122 S.Ct. 2268. The Court, however, did not so hold based upon the fact that the statute is a Spending Clause statute, as Defendants assert. The Court based its holding upon Congress's intent to create an enforceable federal right.

■ In determining whether Congress intended to create a federal right, this Court must look at the language of the IDEA. 20 U.S.C. § 1400(d) provides that the purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living; ... to ensure that the *rights* of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400 (emphasis added). This is clear language of an intent to create a federal right. It is apparent that Congress intended disabled students to have the right to a free appropriate public education, as set forth above. The IDEA therefore confers an individual right for "all children with disabilities" to

have an appropriate education. There is no qualifying language such as substantial compliance. The statute says "all children with disabilities" are entitled to certain rights. Accordingly, this Court finds that the IDEA was intended to confer a right upon disabled children to a free appropriate public education.

Having found such a right, a presumption of enforceability is applied by Section 1983. Accordingly, Defendants' argument that Section 1983 cannot be used to sue for a violation of the IDEA is denied.

Defendants further argue that the Second Circuit's decision in *Garcia*, 280 F.3d 98, precludes suit against the State of New York for violations of Title II and the Rehabilitation Act. Defs. Memo. pg. 12. The Second Circuit in *Garcia* held that suits seeking a monetary award from a state under Title II must show ill will or animus. *Garcia*, 280 F.3d at 112. The court explicitly noted that "actions by private individuals for injunctive relief for state violations of Title II have not been foreclosed by today's decisions." *Id.* at 115. The court also held that New York did not waive its sovereign immunity when it accepted funds pursuant to Section 504, but that monetary damages can be had upon a showing of deliberate indifference. *See id.* at 114. *Garcia* is generally inapplicable to the case at bar, except to the extent that Plaintiffs seek monetary damages. Plaintiffs have failed to prove deliberate indifference to support their claim under Section 504. While it is clear that the State is in noncompliance, Plaintiffs have not shown that such noncompliance is a result of anything other than a large number of appeals to the SRO. Plaintiffs' claims for injunctive relief are sustained.

In *Barnes v. Gorman*, 536 U.S. 181, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002), the Supreme Court found that punitive damages are not available under the ADA and Rehabilitation Act in private suits. The Court did note that punitive damages are different in nature from compensatory or injunctive relief and did not in any way limit such forms of damages. *See id.* at 188, 122 S.Ct. 2097. It found that compensatory and injunctive damages are types that are generally available for breach of a contract. The Court used this analogy because the federal funding recipient is *on notice*, as is a party to a contract, that it may be subject to such forms of relief. *See id.*

The Supreme Court in *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), held that suits for money damages, under Title I of the Americans With Disabilities Act are barred by the Eleventh Amendment. The Court noted that private individuals can still enforce the rights afforded to them under Title I of the ADA through suits for injunctive relief pursuant to the Court's decision in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

 This Court holds that Plaintiffs' claims for injunctive relief are not barred by the Eleventh Amendment. Based upon the caselaw set forth above, Defendants' arguments that Section 1983 is inappropriate to sue for violations of the IDEA, must fail as well. Accordingly, Plaintiffs' Section 1983 claim and Rehabilitation Act claim are sustained. Plaintiffs' claims are dismissed to the extent that they seek monetary damages pursuant to either statute.

*Defendants' Substantive Attack on Plaintiffs'*

*Rehabilitation Act Claim*

 Defendants argue that Plaintiffs Section 504 claim must fail because there is no proof that Defendants discriminated against Plaintiffs "solely by reason of

[their] disabilit[ies]." 29 U.S.C. § 794(a). This Court has reviewed the record in its entirety, as well as Plaintiffs' moving and reply memoranda and find that Plaintiffs have failed to sufficiently prove that the actions complained of were based upon any type of discrimination. Accordingly, Plaintiffs' Section 504 Claim is DISMISSED.

### Declaratory and Injunctive Relief

Plaintiffs seek to have this Court issue a permanent injunction and declaratory relief, as set forth above. Defendants argue that Plaintiffs have not met their burden of showing an entitlement as a matter of law. Defendants assert that there is neither evidence of irreparable harm, nor have Plaintiffs shown that they will succeed on the merits. Further, Defendants assert that Plaintiffs will not succeed on the merits. In support of this argument, Defendants state that they should be given a reasonable amount of time to address the SRO backlog. Defs. Memo. pg. 19 (citing *Knox v. Salinas*, 193 F.3d 123, 130 (2d Cir.1999)).

■■ The standard to be applied in determining whether a permanent injunction should issue is, whether in the absence of injunctive relief, the party will suffer irreparable harm and whether the party will actually succeed on the merits. *See Cablevision Sys. Corp. v. Town of East Hampton*, 862 F.Supp. 875, 888 (E.D.N.Y. 1994) (citations omitted).

■■ Plaintiffs have asserted that the irreparable injury in this case is harm to the disabled children as a result of the SRO delays. Plaintiffs cite two cases in support of their proposition, *LIH o/b/o LH v. New York City Bd. of Educ.*, 103 F.Supp.2d 658, 664 (E.D.N.Y.2000), and *Cosgrove v. Bd. of Educ. of Niskayuna Cent. Sch. Dist.*, 175 F.Supp.2d 375, 391–393 (N.D.N.Y.2001). Both courts found irreparable injury with respect to the imposition of discipline on students with disabilities, resulting in missed educational opportunities, and the discontinuation of special education programs. The delays in this case have a similar effect as the discontinuation of a special education program. Pending an SRO decision, a student could be in an improper educational setting, notwithstanding the stay-put provisions of the IDEA. The Plaintiffs have not put forth a substantial amount of evidence of irreparable injury because, in this Court's opinion, such injury is obvious. The procedural requirements of the IDEA were put in place for a particular purpose, and that purpose was to ensure that disabled students were provided a free appropriate education. Inordinate delays in the decision making process deprive those students of the rights provided to them under the IDEA and cause those students to suffer irreparable harm. The *LIH* court noted that irreparable harm would result if a student were excluded from summer school and forced to repeat a grade. *LIH*, 103 F.Supp.2d at 665. Accordingly, this Court finds that Plaintiffs sufficiently proved that they will suffer irreparable harm absent some form of injunctive relief.

■ The second element necessary to issue a permanent injunction is actual success on the merits. Plaintiffs argue that they have succeeded on the merits of their case because they have shown that Defendants continuously violated 34 C.F.R. § 300.511 and its predecessor regulation, by failing to comply with the timeliness requirements. Defendants argue that an injunction does not merely issue upon a showing of a violation, but rather it only issues in the discretion of the judge. Defs. Memo. pg. 18 (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982)). Defendants request a reasonable opportunity to get into compliance. However, this Court notes

that this case was filed in 2001, and Defendants have had more than two years to comply. Defendants argue further that Plaintiffs must show "actual and actually threatened adverse class-wide effect" to have this Court issue an injunction. This Court further finds that absent such injunction, there will continue to be an actual adverse class-wide effect.

Plaintiffs also requested declaratory relief. Defendants argue that Plaintiffs have not shown a violation of federal law and that the declaration should not issue because it would have the same effect as an award of damages. Defs. Memo. pg. 20 (citing *Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)). This Court notes that the relief requested is on a going forward basis, not necessarily a remedy of any past harm. The Plaintiffs' requested injunction seeks to prevent future harm to Class Plaintiffs and possible Class Plaintiffs and, is accordingly, prospective in nature. Further, there is no dispute that the Defendants have delayed many SRO decisions. Defendants argue that the SRO sometimes grants extensions to the parties for the filing of documents, which acts to extend the thirty day time period.

Defendants have clearly violated the statutory regulation and a declaratory injunction is appropriate. Without such a declaration, the rights and requirements of the parties will be unclear. The regulation in question, 34 C.F.R. § 300.511(b), requires that a decision be issued within 30 days of the request for review by the SRO. 34 C.F.R. § 300.511(c) allows "[a] hearing or reviewing officer [to] grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party." James H. Whitney is the Assistant Counsel for the New York State Education Department, and has been the head of the State Edu-

cation Department's Office of State Review since July of 1990. Mr. Whitney has submitted to this Court an affirmation in opposition to Plaintiffs' motion for summary judgment. In his Affirmation, Mr. Whitney indicates that for the last 13 years, the SRO has been on time at least 90% of the time in issuing its decisions, in 7 of the 13 years, including any extensions. Whitney Aff. ¶ 8. In 4 of the 7 years that the SRO was on time, as reflected in Mr. Whitney's chart, the SRO issued 100% of its opinions on time. *Id.* However, for the years 1999, 2000, 2001 and 2002, the SRO was late on a large majority of the decisions. In 1999, only 68% of the appeals were decided in a timely manner. In 2000, the SRO decided 10% of the appeals in a timely manner. In 2001, the SRO decided 2% of the appeals in a timely manner, and in 2002, the SRO decided only 3% of the appeals in a timely manner. The Court does note that for the same period of time, the number of appeals increased by more than 20%. Notwithstanding this increase, Defendants are not in compliance with the regulation.

**Appointment of Monitor**

Defendants argue that Lewis Wasserman has an inherent conflict of interest to be appointed as a monitor because he has served as an IHO in more than 40 different hearings. This Court is in agreement. The monitor that is imposed must have a clear understanding of the necessity that decisions be made on a timely basis and a complete grasp of the importance of this area of the law. However, this Court will not appoint a monitor with the apparent conflict of interest present with Wasserman & Steen LLP. This Court's decision is in no manner indicative of the capabilities of Mr. Wasserman, or his firm. Anyone with such a connection to this area of the law will have some sort of interest in the decision making process. This Court hereby appoints the Honorable Marie G.

Santagata as Monitor (the "Monitor"). All correspondence with the Monitor shall be through this Court. The parties are directed to contact chambers within 10 days from the date hereof, via telephone, 631–712–5610, to schedule an initial meeting with Judge Santagata. The first report shall be due December 1, 2003.

CONCLUSION

In accordance with the foregoing,

Summary Judgment is GRANTED in Plaintiffs favor on its IDEA and Section 1983 claims, to the extent that injunctive and declaratory relief is sought;

Plaintiffs' Motion for Summary Judgment on its Rehabilitation Act Claim is DENIED; and

this Court hereby issues the following injunctive and declaratory relief:

 (a) a rotating class shall be certified and shall be defined as:

All children living in New York State who meet the following dual criteria: (1) they are or will be parties to an appeal from the determination of an impartial hearing officer to the New York State Education Department, and (2) their appeals have not or will not be decided by the SRO within thirty days following the State Education Department's receipt of the request for review of the IHO decision.

 (b) Defendants are not in compliance with 34 C.F.R. § 300.511(b),

 (c) Absent reasonable extensions, as are permitted upon request of either party, Defendants must comply with the 30 day requirement. Notwithstanding the foregoing, in no event shall the State take more than 30 days to review an appeal after all papers are properly filed,

 (d) Defendants are hereby subject to a 60 month period of monitoring, and this Court has appointed Judge Santagata as Monitor,

 (e) a report of the implementation of this Order shall be prepared by the Defendants on the fifth of each month and submitted to the Monitor, including

 (1) the name and title of each person employed by SED at the OSR for the month preceding such report and a statement of the functions performed by that person;

 (2) a schedule of SRO decisions issued, and for each decision, stating the date the request for review/appeal was filed, appeal number and date of decision;

 (3) a chronological schedule, by date and appeal number, of requests for review/appeals filed with SED's Office of Counsel for the preceding month; provided, however, that for the initial report the required information shall cover the period from November 1, 2002 through the date of this Order,

 (f) the Monitor is hereby required to prepare a quarterly report on the Defendants' compliance with this Order, together with recommendations to this Court for procedures to obtain compliance,

 (g) Wasserman & Steen, LLP may move on behalf of the Class for enforcement of the judgment,

 (h) this Court shall retain jurisdiction for an initial period of 60 months, which can be enlarged upon motion by the Class Plaintiffs,

 (i) Class Plaintiffs are prevailing parties within the meaning of the IDEA, 42 U.S.C. §§ 1983 and 1988, and Class Plaintiffs and Wasserman & Steen, LLP may apply to this Court for fees, costs and disbursements in maintaining this action, and

(j) pursuant to Fed.R.Civ.P. 23(d)(4), (5) any individual claims which may remain in this action are dismissed without prejudice.

All other motions are hereby DENIED.

SO ORDERED.